# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| OLER ADAMS, JR., | ) |
| --- | --- |
| Plaintiff, | ) |
| -vs- | ) Case No. CIV-18-1042-F |
| FRED SMITH, et al., | ) |
| Defendants. | ) |

## ORDER

On December 12, 2018, United States Magistrate Judge Gary M. Purcell issued a Report and Recommendation, recommending that plaintiff's 42 U.S.C. § 1983 action be dismissed based on the Younger[1] abstention doctrine.

Presently before the court is plaintiff's objection to the Report and Recommendation.[2] Pursuant to 28 U.S.C. § 636(b)(1), the court has conducted a *de novo* review of the matter. Having done so, the court concurs with Magistrate Judge Purcell that the Younger abstention doctrine does apply to plaintiff's §1983 claims for monetary relief. However, because plaintiff is seeking monetary relief, the court concludes that the claims should be stayed rather than dismissed. *See*, D.L. v.

---

[1] Younger v. Harris, 401 U.S. 37 (1971).

[2] In his objection, plaintiff requests the court to order that he have access to the county law library. He requests access to effectively comply with the court rules and orders. The court declines to grant plaintiff's request. Plaintiff complied with the court's rules and Magistrate Judge Purcell's order by timely objecting to the Report and Recommendation. Plaintiff adequately set forth his arguments with respect to the objection. The court finds it unnecessary for plaintiff to obtain access to the law library prior to the court ruling on the Report and Recommendation.

Unified Sch. Dist. No. 497, 392 F.3d 1223, 1228 (10th Cir. 2004); *see also*, Chapman v. Barcus, 372 Fed. Appx. 899, 902 (10th Cir. 2010); Buck v. Myers, 244 Fed. Appx. 193, 198 (10th Cir. 2007) (both cases following D.L.). Therefore, plaintiff's monetary claims under 42 U.S.C. § 1983 shall be stayed pending final resolution of his state court proceedings.[3]

In addition to seeking monetary relief under § 1983, the court notes that plaintiff requests the court to launch a federal investigation into the alleged unconstitutional practice of defendants. Doc. no. 18, pp. 7,8. The court concludes that this requested relief is subject to dismissal but for a different reason. Such requested relief is beyond the power and jurisdiction of this court sitting in a 42 U.S.C. § 1983 action. The court does not have jurisdiction to order a federal investigation into any alleged unconstitutional practice. *See*, Jones v. Waldron, 2018 WL 3148369, *5 (D. Conn. June 27, 2018); Triplett v. Palmer, 2012 WL 6727617, * 5 (N.D. Iowa Dec. 28, 2012). Therefore, the court concludes that the requested relief under § 1983 must be dismissed for lack of jurisdiction.

Based upon the foregoing, the Report and Recommendation issued by United States Magistrate Judge Gary M. Purcell, filed December 12, 2018 (doc. no. 22) is **ACCEPTED**, **ADOPTED** and **AFFIRMED** to the extent that it finds the Younger abstention doctrine applies to plaintiff's 42 U.S.C. § 1983 claims for monetary relief. Those § 1983 claims are **STAYED** pending final resolution of the state court proceedings. Plaintiff's request for relief under 42 U.S.C. § 1983 for the court to launch a federal investigation is **DISMISSED** for lack of jurisdiction.

Because the 42 U.S.C. § 1983 claims for monetary relief are stayed pending resolution of the state court proceedings, the court directs the court clerk to

---

[3] According to plaintiff, "[t]he case of unlawful detention which forms the basis of [his] complaint is CF-90-152 FTP." See, doc. no. 23, p. 2. The state court records for that case reflect a warrant was returned on September 27, 2018 showing service of the warrant on September 18, 2018.

**ADMINISTRATIVELY CLOSE** this case in her records pending final resolution of the state court proceedings. Plaintiff shall be required to advise the court of the final resolution of the state court proceedings, within 10 days of that date, so the court may reopen this case, if appropriate.

IT IS SO ORDERED this 2nd day of January, 2019.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

18-1042p001.docx